IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MINNESOTA

| | |
|---|---|
| ACTALENT, INC.,<br>7301 Parkway Dr.<br>Hanover, MD 21076<br><br>      Plaintiff,<br><br>v.<br><br>VERSIQUE, INC.<br>6465 Wayzata Blvd., Suite 800<br>Minneapolis, MN 55426,<br><br>      Defendant. | Case No.: _____<br><br><br><br>**COMPLAINT**<br><br><br>**JURY TRIAL DEMANDED** |

Plaintiff Actalent, Inc. ("Actalent" or "Plaintiff"), by its undersigned counsel, files this Complaint and brings this action seeking injunctive relief and damages against Defendant Versique, Inc. ("Versique" or "Defendant") for trademark infringement, and states as follows:

## PARTIES

1. Actalent is a Maryland corporation with its principal place of business located at 7301 Parkway Dr., Hanover, MD 21076. Actalent is a provider of employment, staffing, and recruiting services, among other things, and operates throughout the United States.

2. Actalent is engaged in the business of providing comprehensive recruiting, placing temporary and permanent employees, and providing outsourcing and managed engineering and clinical services primarily in the aerospace and defense, transportation,

1

consumer and industrial products, utilities and construction, life sciences, and semiconductor fields.

3. Upon information and belief, Versique is a Minnesota corporation with a place of business at Suite 800, 6465 Wayzata Blvd., Minneapolis, MN 55426.

4. Versique is in the business of providing professional and employee searching, staffing, recruiting and placement services, human resources consulting and management services, and advertising, marketing, and promotion services.

## JURISDICTION AND VENUE

5. Through this Complaint, Actalent asserts claims against Versique that arise, inter alia, under the Lanham Act of 1946, as amended, 15 U.S.C. § 1051, et seq.

6. The Court has original subject matter jurisdiction over Plaintiff's claims pursuant to 28 U.S.C. §§ 1331, 1338(a), 15 U.S.C. § 1121 and 28 U.S.C. § 1367.

7. The Court also has original subject matter jurisdiction of this action under 28 U.S.C. § 1332, in that this is a civil action arising where the matter in controversy exceeds the sum or value of $75,000.00, exclusive of interest and costs, and is between citizens of different states.

8. The Court has personal jurisdiction over Versique in that Versique operates within the United States, within the State of Minnesota and within this Judicial District, and has sold, and is selling, its services to customers throughout the State of Minnesota, and throughout the United States. Additionally, upon information and belief, Versique regularly enters into contracts and transacts business with businesses operating within the State of Minnesota.

9. Venue is proper in the United States District Court for the District of Minnesota pursuant to 28 U.S.C. § 1391(b)(2) as a substantial part of the events giving rise to the claims herein occurred in this Judicial District.

10. Venue is also proper under 28 U.S.C. § 1391(b)(3), as Versique transacts business in the District of Minnesota, and is subject to personal jurisdiction in this Judicial District.

11. Venue is also proper under 28 U.S.C. § 1391(b)(1), as Versique resides within the District of Minnesota, and/or is subject to personal jurisdiction in this Judicial District.

## FACTS

12. Actalent maintains over 100 offices throughout the United States, including in Minnesota. Actalent also conducts its business through an interactive website located at www.actalentservices.com.

13. Aerotek, Inc., is a Maryland entity affiliated with Actalent as both are wholly owned by the same parent, Allegis Group, Inc. On February 17, 2021, Aerotek filed an application in the United States Patent and Trademark Office ("USPTO") to register the trademark PEOPLE TO POSSIBLE, U.S. Ser. No. 90531472, based on intent to use.

14. The PEOPLE TO POSSIBLE trademark was registered on February 22, 2022, based on a date of first use in commerce of June 28, 2021. U.S. Reg. No. 6650561 ("Mark"). The registration identifies the following services for which the Mark is used ("Services"):

CLASS 35: Business assistance, advisory and consulting services in the field of human resources, namely, providing strategic processes for onboarding, coaching, performance optimization, and retention of employees; Business project management services; Employment agency services, namely, filling the temporary and permanent staffing needs of businesses; Employment counseling and recruiting; Employment hiring, recruiting, placement, staffing and career networking services; Employment recruiting consultation; Employment staffing consultation services; Employment staffing in the field of clinical trials, medical laboratories, engineering, and science; Personnel recruitment services and employment agencies; Professional staffing and recruiting services; Providing employment information; Providing networking opportunities for individuals seeking employment; Providing an on-line searchable database featuring employment opportunities; Providing an on-line searchable database featuring employment opportunities and content about employment; Providing an on-line searchable database featuring employment opportunities and content about employment relevant to clinical trials, medical laboratories, engineering, and science; Strategic sourcing, namely, staffing in the field of engineering; Temporary employment agencies; Testing to determine employment skills; Business consulting services in the field of business management, human resources, and business organizational design;

CLASS 41: Career coaching services; Professional coaching services in the field of career development, professional growth, and skill enhancement;

CLASS 42: Computer project management services; Conducting clinical trials for others; Consulting services for others in the field of design, planning, and implementation

project management of clinical trials, scientific research and development, and production of scientific research, clinical trials, and computer software testing; Consulting in the field of engineering; Consulting in the field of IT project management; Engineering services, namely, engineering for the aerospace, automotive, electrical, power, manufacturing, mechanical, utility, transmission, and distribution, and embedded systems fields; Providing a web site featuring technology that enables recruiters and hiring managers to manage the entire candidate attraction and selection process, including administration of background checks, assessments, and skills tests, as well as compiling data that facilitates the continuous improvement of the process.

15. Aerotek assigned all right, title, and interest in and to the PEOPLE TO POSSIBLE trademark and the related goodwill to Actalent as of July 28, 2020. Actalent has been using PEOPLE TO POSSIBLE in interstate commerce on a continuous basis since June 28, 2021, in connection with providing the Services. Actalent has expended valuable resources in developing its advertising and marketing, providing services, and maintaining consistent and continuous use of PEOPLE TO POSSIBLE Mark.

16. On July 16, 2021, Versique filed an intent to use application to register PEOPLE MAKE IT POSSIBLE, U.S. Ser. No. 90833007, for use in connection with "Human resources consulting and management services; Professional and employee searching, staffing, recruiting and placement services and consulting services related thereto; Advertising, marketing and promotion services," in Class 35 ("Infringing Services"). PEOPLE MAKE IT POSSIBLE was registered on September 13, 2022, based on a date of first use in commerce of February 9, 2022.

17. Actalent has priority of use of the Mark by virtue of its earlier filing and use. The similarity of the parties' marks, services, and channels of trade create the likelihood of consumer confusion, causing irreparable harm to Actalent.

## COUNT I
### (Trademark Infringement Under Section 32 Of The Lanham Act, 15 U.S.C. § 1114)

18. Actalent realleges and incorporates by reference the allegations of Paragraphs 1 through 17 of this Complaint.

19. Actalent owns all right, title, and interest in and to the valid and subsisting PEOPLE TO POSSIBLE Mark.

20. Actalent began using its PEOPLE TO POSSIBLE Mark before Versique filed its application to register and began using PEOPLE MAKE IT POSSIBLE.

21. Actalent's earlier filing and use of PEOPLE TO POSSIBLE constitutes priority of use and establishes Actalent's exclusive right to use PEOPLE TO POSSIBLE and any confusingly similar terms in connection with providing the Services.

22. Versique is improperly infringing the Mark through the advertising, promotion, sale, and distribution of the Infringing Services.

23. Versique's use in interstate commerce of PEOPLE MAKE IT POSSIBLE is likely to cause confusion or deception of consumers as to the source, origin, or sponsorship of the Infringing Services, in violation of Section 32 of the Lanham Act (15 U.S.C. § 1114). Particularly, customers are likely to purchase Versique's Infringing Services believing them to be those of Actalent, thereby resulting in a loss of goodwill and sales to Plaintiff.

24. Versique's conduct constitutes trademark infringement, and/or induces or contributes to acts of trademark infringement, in violation of Section 32 of the Lanham Act, 15 U.S.C. § 1114.

25. As a direct and proximate result of Versique's conduct, Actalent has been, and is likely to continue to be, injured in its business including irreparable harm to its goodwill and reputation as well as the loss of revenues and profits.

26. Actalent has no adequate remedy at law, and unless enjoined by this Court, Versique will continue to engage in such acts of trademark infringement, to the irreparable damage and injury of Plaintiff.

27. Upon information and belief, Versique has engaged in the above-referenced acts of trademark infringement with full knowledge of Actalent's exclusive rights in the Mark, thus making this case exceptional and entitling Actalent to an award of treble its actual damages, plus attorneys' fees in bringing and maintaining this action.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays for entry of judgment against Versique, its agents, servants, and employees, as follows:

A. That Defendant has infringed Plaintiff's federal trademark rights in Plaintiff's Mark;

B. That Defendant's acts of trademark infringement detailed herein have been, and continue to be, willful and deliberate.

C. Preliminary and permanent injunctions enjoining Defendant, its agents, servants and employees, and those people in active concert or participation with them from:

7

      1.    using, infringing, contributing to, or inducing infringement of the Plaintiff's PEOPLE TO POSSIBLE Mark; and

      2.    causing a likelihood of confusion or misunderstanding as to the source or sponsorship of Defendant's business and Defendant's services, including but not limited to causing a likelihood of confusion or misunderstanding as to Defendant's affiliation, connection, or association with Plaintiff or any of Plaintiff's services.

D.    Requiring Defendant to remove all electronic references to PEOPLE MAKE IT POSSIBLE, or any other terms confusingly similar to Plaintiff's Mark, and offer up for destruction all articles, displays, advertisements, labels, signs, prints, packaging, brochures, catalogs, and logo items in its possession or control (including but not limited to all products and marketing materials associated with the Infringing Services) which display a mark product which is identical to, or confusingly similar with, Plaintiff's PEOPLE TO POSSIBLE Mark provided by Section 36 of the Lanham Act (15 U.S.C. § 1118).

E.    Awarding to Plaintiff:

      1.    such actual damages as Plaintiff has sustained by reason of Defendant's acts of trademark infringement in violation of Section 32 of the Lanham Act (15 U.S.C. §1114) (including, but not limited to, a disgorgement of Defendant's profits, Plaintiff's lost profits, and the costs of this action);

      2.    treble damages for such trademark infringement;

3. its attorney's fees in bringing and maintaining this action, which should be deemed exceptional, for such trademark infringement; and

4. an accounting of Defendant's profits derived from sales of the Infringing Services, and to compensate Plaintiff for all damages sustained by reason of such trademark infringement and the other acts complained of herein; all pursuant to Section 35 of the Lanham Act (15 U.S.C.§ 1117).

Dated:  January 29, 2025          **SAUL EWING LLP**

*/s/ Erin Westbrook*
Erin Westbrook (MN #0393072)
Douglas D. Anderson (MN #0402494)
33 South Sixth Street, Suite 4750
Minneapolis, MN 55402
(612) 225-2800
erin.westbrook@saul.com
douglas.anderson@saul.com

Sherry H. Flax (*pro hac vice* forthcoming)
Fed. Bar No. 03517
1001 Fleet St., 9th Floor
Baltimore, MD 21202
(410) 332-8784
sherry.flax@saul.com

*Attorneys for Plaintiff*
*Actalent, Inc.*